AO 93 (Rev. 12/09) Search and Seizure Warrant   (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   8:17-MJ-415
11101 Lampson Avenue )
Garden Grove CA 92840 )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Central   District of   California
*(identify the person or describe the property to be searched and give its location)*:
   See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
   See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference.

   **YOU ARE COMMANDED** to execute this warrant on or before   14 days from the date of its issuance
                                                              *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

   Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                            *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30).*
                                          ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   12/22/17 10:30 a.m.   /s/ Karen E. Scott
                                              *Judge's signature*

City and state:   Santa Ana, California   U.S. Magistrate Judge
                                          *Printed name and title*

AUSA: [R. Bacon, 213-894-4667]

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 8:17-MJ-415 | Date and time warrant executed: 12/28/2017 @ 6:00 a.m. | Copy of warrant and inventory left with: Richard Gallagher |
| Inventory made in the presence of: Richard Gallagher | | |
| Inventory of the property taken and name of any person(s) seized: [Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.] See attached FD-597 | | |

**Certification** (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 12/28/2017

Executing officer's signature

Jason T. Ghetian, Special Agent, FBI
Printed name and title

**ATTACHMENT A-1**

<u>PREMISES TO BE SEARCHED</u>

The premises located at 11101 Lampson Avenue, Garden Grove, California 92840 ("the LAMPSON AVENUE RESIDENCE"), a single-story residence with a light tan stucco exterior and white trim, with a black composition roof, located on the north side of Lampson Avenue, the second residence east of Walnut Avenue. The number "11101" is printed in black letters located on a white plaque affixed above a white garage located at the southeast corner of the residence facing Lampson Avenue. The front door of the residence is located on the south side of the residence and numerous vehicles are parked in the driveway and yard of the residence.

The premises includes all digital devices, attached and unattached rooms, attics, garages and storage areas, safes, lockers, bags, containers, trash bags, trash, and trash areas.

**ATTACHMENT B**

**I. ITEMS TO BE SEIZED**

1. The items to be seized constitute the evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1029 (access device fraud); 1028A (aggravated identity theft); 1030 (fraud and related activity in connection with computers); 1343 (wire fraud); and 1344 (bank fraud), namely:

    a. Records, documents, programs, applications or materials relating to Aidnest, Fig Tree & Co. LLC, Fig Tree SAS, their employees, and their clients, including Brett Collings and Peter Lagaris;

    b. Records, documents, programs, applications or materials relating to scamblockerr@gmail.com and gallager.richard7@gmail.com, Ice Station Zebra Associates, John Scammap, John Scammp, Ernest Fazekas, and "Yeikas";

    c. Records, documents, programs, applications or materials relating to auto-dialers and denial-of-service attacks;

    d. Records, documents, programs, applications or materials relating to PayPal and PayPal credit accounts;

    e. Records, documents, programs, applications, or materials relating to hacking utilities, remote desktop protocols, compromising e-mail accounts or other secured Internet services, and/or computer programs or software that can be used to obtain or secure unauthorized access to a computer or computer network, including the actual use, development, or operation of such programs or software;

  f. Records, documents, programs, applications, or materials relating to obtaining, possessing, using, or transferring personal and/or financial transaction identification information for persons other than GALLAGHER, such as names, addresses, phone numbers, credit and debit card numbers, security codes, bank account and other financial institution account numbers, Social Security numbers, email addresses, IP addresses, as well as PIN numbers and passwords for financial institutions or internet service providers;

  g. Records, documents, programs, applications, or materials relating to applications for, or use of, credit or debit cards, bank accounts, or merchant processor accounts;

  h. Records, documents, programs, applications, or materials relating to purchases of merchandise, securities, electronic currency, and other valuable things;

  i. Records, documents, programs, applications, or materials relating to any digital currency, including Bitcoin, bank accounts, credit card accounts, or other financial accounts;

  j. Records, documents, programs, applications, or materials relating to the results or effects of any unauthorized computer access, including deleting or overwriting files, exfiltrating or transferring data, evading detection, warnings or messages to victims conveyed by means of such access, or other damage, theft, or loss resulting from such access;

  k. Records, documents, programs, applications, or materials relating to explaining or illustrating methods for

gaining access to computers or computer networks, including how to configure or use computer hardware, software, or other related items for purposes of gaining access to computers and/or computer networks;

  l. Records, documents, programs, applications, or materials relating to any Internet reconnaissance related to unauthorized accesses or transmissions to protected computers;

  m. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show contents of any calendar or date book stored on any digital devices;

  n. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers on any digital devices;

  o. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any digital devices and which relate to the above-named violations;

  p. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications or other text or written communications sent to or received from any digital devices and which relate to the above-named violations;

q. Records, documents, programs, applications or materials related to ownership, occupancy and/or possession of the LAMPSON AVENUE RESIDENCE, the Pebblewood address, the Costa Mesa address, and/or the Castle Rock address;

r. Records, documents, programs, applications or materials related to ownership and/or possession and/or use of any digital device(s) found;

s. Records, documents, programs, applications or materials related to accounts with any Internet Service Providers; and

t. Any digital device used to facilitate the above-listed violations and forensic copies thereof.

u. With respect to any digital device used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

vi  [Instrumentality Protocol]

     iii. evidence of the attachment of other devices;

     iv.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

     v.   evidence of the times the device was used;

     vi.  passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

     vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

     viii.    records of or information about Internet Protocol addresses used by the device; and

     ix.  records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2.   As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3.   As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units;

         vii   [Instrumentality Protocol]

desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) beyond this 120-day period without first obtaining an extension of time order from the Court.

b.  The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

  i.  The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

  ii.  The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

  iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

c.  If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

ix    [Instrumentality Protocol]

d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of items to be seized, the government may retain forensic copies of the digital device but may not access data falling outside the scope of the items to be seized (after the time for searching the device has expired) absent further court order.

g. The government may retain a digital device itself until further order of the Court or one year after the conclusion of the criminal investigation or case (whichever is latest), only if the device is determined to be an instrumentality of an offense under investigation or the government, within 14 days following the time period authorized by the Court for completing the search, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending). Otherwise, the government must return the device.

x      [Instrumentality Protocol]

h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a. Any digital device capable of being used to commit, further or store evidence of the offense(s) listed above;

b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c. Any magnetic, electronic, or optical storage device capable of storing digital data;

d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

   g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  6. During the execution of this search warrant, with respect to any person who is located at the LAMPSON AVENUE RESIDENCE during the execution of the search and who is reasonably believed by law enforcement to be a user of a biometric sensor-enabled device that is located at the LAMPSON AVENUE RESIDENCE and falls within the scope of the warrant, the law enforcement personnel are authorized to: (1) depress the thumb- and/or fingerprints of the person onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the face of the person with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

  7. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

FD-597 (Rev 8-11-94) Page 1 of 2

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 288A-LA-2217276

On (date) 12/28/2017

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Richard W Gallagher
(Street Address) 11101 Lampson Ave
(City) Garden Grove, CA 92840

Description of Item(s):

1 - HP serial number MXL1348GX4
2 - HP serial number MXL2407033V
3 - HP serial number 4UT5268TC6
4 - Dell service tag 61XWGL1
5 - Dell service tag 49GB3NL1
6 - Computer tower
7 - Dell service tag F9GZ1R1
8 - Power Computer tower
9 - HP serial number MXL1280PX 13
10 - Inspiron service tag 1MGL4J1
11 - Debit Card x5160 Richard Gallagher
12 - Social Security Card Phyllis J. Randall 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 Gerard 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
13 - LG Phone 3599 6807 3300 902
14 - Credit Card VISA Platinum Wells Fargo Richard Gallagher 4426 0000 3040 3518
15 - Cyberlech ASUS serial number 40001 0003013366
16 - Motorola Boost mobile
17 - Motorola flip phone
18 - 2) 128mb thumb drives
19 - Gray Bag with Check Books/ IDs/ Rockwell Huntington for Gary Campbell

Received By: _____(Signature)_____   Received From: _____(Signature)_____

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 289A-LA-2217276

On (date) 12/28/2017

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Richard W Gallagher

(Street Address) 11161 Lampson Ave

(City) Garden Grove CA 92840

Description of Item(s):

20 - Playstation 3 serial number CECH-Y01
21 - Dummy of vendor items w/ Mr. Richard Gallagher
22 - Mail addressed to Lorin Christian [illegible]
23 - Mail addressed to Phyllis Campbell

Received By: _____ (Signature)     Received From: _____ (Signature)